UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON WEINGRAD, individually and behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br>v.<br><br>K9 BOOKKEEPING, LLC,<br>       *Defendant*. | Case No.: 1:24-cv-06256-ALC<br><br>**ANSWER** |

    Defendant K9 BOOKKEEPING, LLC ("Defendant"), by their attorneys Ballon Stoll P.C., as and for its Answer to the Complaint ("Complaint") of LEON WEINGRAD, et al. ("Weingrad" and collectively "Plaintiffs") states as follows:

    1.  Defendant denies the allegations contained in ¶¶ 6, 7, 8, 22, 23, 24, 26, 27, 28, 29, 30, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, and 49 of the Complaint.

    2.  Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in ¶¶ 3, 4, 13, 14, 16, 17, 18, 19, 20, 21, 25, 31, 32, and 34 of the Complaint.

    3.  As to the allegations contained in ¶¶ 1, 2, 9, 10, 11, 12, 15, and 45 of the Complaint, Defendant respectfully refers all questions of law to the Court.

## AS TO THE PRAYER FOR RELIEF

    4.  Defendant denies all allegations not unequivocally admitted herein above and all allegations and claims for relief stated in Plaintiffs' "Wherefore" Clause of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. Plaintiffs' Complaint fails to state a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Plaintiffs' complaint is barred, in whole or in part, by the applicable statute of limitations and/or administrative filing periods and/or by the failure to satisfy the statutory or administrative prerequisites of bringing an action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. To the extent there were any violations of law, they were timely remedied, and Plaintiffs have no compensable damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. Plaintiffs' Complaint is barred, in whole or in part, to the extent that Defendant acted in good faith in relying on directions and/or directives of the Federal, State, and Local authorities.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. Plaintiffs have failed to take reasonable steps to mitigate their damages, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel and/or laches.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

12.     Plaintiffs are barred from any recovery from Defendant to the extent Plaintiffs' claims arise solely from the acts or omissions of third persons over whom Defendant exercised no control and/or for whose conduct Defendant bears no responsibility.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

13.     Plaintiffs have not pled, and did not suffer a concrete and particularized injury, and/or failed to allege and does not suffer a real and immediate threat of future injury, and as such lacks standing.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

14.     To the extent there were violations of law, Defendant is not liable to Plaintiffs because the violation was the result of error, and as part of its routine business practice Defendant has established and implemented written procedures to comply with the national do-not-call rules, has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules, has maintained and recorded a list of telephone numbers that the seller may not contact, and sets a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

WHEREFORE, Defendant requests a judgment dismissing the Complaint in its entirety, along with any and all other relief the Court deems just and proper.

Dated: New York, New York
October 23, 2024

                                        Ballon Stoll P.C.
                                        *Attorneys for Defendant*
                                        *K9 Bookkeeping, LLC*

By: _____
                                        Avram Solomon Turkel, Esq.

                                        810 Seventh Ave, Suite 405
                                        New York, NY 10019
                                        Tel. (212) 575-7900

To:
All counsel of record via ECF